


D. Maimon Kirschenbaum (DK 2448)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARMELA LANZETTA,

        Plaintiff,                    COMPLAINT

      v.

FLORIOS ENTERPRISES INC., d/b/a
FLORIOS RESTAURANT, RALPH        DEMAND FOR JURY TRIAL
AMORUSO and LAWRENCE AMORUSO,

        Defendants.
-----------------------------------------------------------x

    1.    Plaintiff alleges as follows:

### JURISDICTION AND VENUE

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Florios Enterprises Inc., is a New York corporation company. Florios Enterprises Inc., operates Florios Restaurant located in New York City.

6. Defendants Ralph Amoruso and Lawrence Amoruso own and manage Florios Restaurant and exercise sufficient control of their day to day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendants Ralph and Lawrence Amosuro are liable for the wages of Plaintiff under New York Business Corporation Law § 630.

7. Upon information and belief, Defendants operate under common ownership, share employees, are managed by the same individuals and subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

8. Plaintiff Carmela Lanzetta was employed by Defendants as a server at Florios Restaurant within the last three years.

## FACTS

9. Plaintiff began working for Defendants as a server on or about June 6, 2004.

10. Plaintiff was not compensated by Defendants any hourly wage for the hours she worked.

11. In addition, Plaintiff regularly worked 60 hours per week and was not paid time and a half for the hours she worked in excess of 40 per week.

12. Although Defendants did not compensate Plaintiff, they deducted $160 every week from Plaintiff's tips.

13. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and improperly deducting monies from Plaintiff's tips would economically injure Plaintiff and violated federal and state laws.

14. Defendants committed the foregoing acts against Plaintiff knowingly, intentionally and willfully.

## FIRST CLAIM FOR RELIEF
### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*, )

15. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

16. At all relevant times, Defendants have been, and continue to be, a "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

17. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

18. Plaintiff seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

19. Plaintiff realleges and incorporates by reference all previous paragraphs.

20. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

21. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

22. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

23. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. Defendants knowingly paid the Plaintiff less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

26. Defendants did not pay Plaintiff minimum wage for all hours worked.

27. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

28. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,)

29. Plaintiff realleges and incorporates by reference all previous paragraphs.

30. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

31. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

32. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Illegal Pay Deductions and Deductions from Gratuities, N.Y. Lab. L. §§ 193 and 196-d)

33. Plaintiff realleges and incorporates by reference all previous paragraphs.

34. Defendants unlawfully retained portions of Plaintiff's tips.

35. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)

1. Plaintiff realleges and incorporates by reference all previous paragraphs.

2. Plaintiff regularly worked more than 10 hours in a workday.

3. Defendants willfully failed and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

4. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.