D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CARMELA LANZETTA,

        **Plaintiff,**

v.

                                      Civil Action No. 08 Civ. 6181 (DC)

FLORIO'S ENTERPRISES, INC., d/b/a
FLORIO'S RESTAURANT, RALPH
AMORUSO, and LAWRENCE AMORUSO,

        **Defendants.**
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND APPLICATION FOR ATTORNEYS' FEES AND COSTS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iv

Preliminary Statement ............................................................................................ 1

Legal Argument ..................................................................................................... 2

I.      THE COURT ERRED IN ITS CALCULATIONS OF PLAINTIFF'S
        DAMAGES ................................................................................................. 2

        A.    The Applicable Minimum Wage .................................................... 2

        B.    Liquidated Damages ....................................................................... 5

II.   PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS'
      FEES AND COSTS ....................................................................................... 7

Conclusion ............................................................................................................. 11

TABLE OF AUTHORITIES

CASES:

*Alejo v. Darna Restaurant,* No. 09 Civ. 5436 (CM) (AJP),
   2010 U.S. Dist. LEXIS 133613 (S.D.N.Y. Dec. 17, 2010) ........................................................4

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,*
   522 F.3d 182 (2d Cir. 2008) ........................................................................................7, 9

*Ayres v. 127 Restaurant Corporation,*
   12 F. Supp. 2d 305 (S.D.N.Y. 1998) ........................................................................6

*Brock v. Wilamowsky,*
   833 F.2d 11 (2d Cir. 1987) ........................................................................5

*Cao v. Wu Liang Ye Lexington Restaurant,* 08 Civ. 3725 (DC),
   2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010)................................................ *passim*

*Carter v. Frito-Lay, Inc.,*
   425 N.Y.S.2d 115, 74 A.D.2d 550 (1st Dep't 1980) ........................................................5

*Cesario v. BNI Construction,* No. 07 Civ. 8545,
   2008 U.S. Dist. LEXIS 103155 (S.D.N.Y. Dec. 15, 2008) ........................................................7

*Chan v. Sung Yue Tung Corporation,* 03 Civ. 6048 (GEL),
   2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007)................................................3, 10

*Copeland v. Fortis,* 08 Civ. 9060 (DC),
   2010 U.S. Dist. LEXIS 51576 (S.D.N.Y. May 20, 2010) ........................................................2

*Da Silva v. Bennet Street Development Corporation,* CV 05-2989 (ARR)(MDG),
   2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010) ........................................................6

*De Los Santos v. Just Wood Furniture, Inc.,* 7:05-cv-9369 (WWE),
   7:06-cv-5749 (WWE),   2010 U.S. Dist. LEXIS 15463 (S.D.N.Y. Feb. 2, 2010) ......................9

*D.H. Blair & Co. v. Gottdiener,* 03 Civ. 2908 (RO),
   2010 U.S. Dist. LEXIS 114257 (S.D.N.Y. Oct. 26, 2010) ........................................................10

*Dong v. CCW Fashion Inc.,* 06 Civ. 4973 (LAP)(DFE),07 Civ. 9741 (LAP)(DFE),
   2009 U.S. Dist. LEXIS 33194 (S.D.N.Y. Feb. 19, 2009)................................................3, 6, 9

*GMG Transwest Corporation v. PDK Labs, Inc.,* CV 07-2548 (ADS)(ARL),
   2010 U.S. Dist. LEXIS 108581 (E.D.N.Y. Oct. 12, 2010)........................................................9

*Grant v. Martinez,*
    973 F.2d 96 (2d Cir. 1992) ...................................................................................................7

*Gutman v. Klein,* 03 Civ. 1570 (BMC),
    2009 U.S. Dist. LEXIS 123057 (E.D.N.Y. Oct. 9, 2009) ......................................................10

*Herman v. RSR Security Services,*
    172 F.3d 132 (2d Cir. 1999) ................................................................................................5

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.,* 03 Civ. 1548 (GBD) (AJP),
    2008 U.S. Dist. LEXIS 82085 (S.D.N.Y. Oct. 17, 2008) ........................................................8

*Ke v. Saigon Grill,*
    595 F. Supp. 2d 240 (S.D.N.Y. 2008) ...................................................................................5

*Kobel v. Royal Dutch Petroleum Company,* No. 02 Civ. 7618 (KMW)(HBP),
    2009 U.S. Dist. LEXIS 106798 (S.D.N.Y. Nov. 16, 2009)........................................................2

*Konits v. Valley Stream Central High School District,* No. 08-4351-cv,
    2009 U.S. App. LEXIS 23486 (2d Cir. Oct. 26, 2009) ...........................................................7

*Kopec v. GMG Construction,* 09-CV-2187 (KAM) (ALC),
    2010 U.S. Dist. LEXIS 104844 (E.D.N.Y. Sept. 10, 2010) .....................................................3

*Lanzetta v. Florio's Enterprises,* 08 Civ. 6181 (DC),
    2011 U.S. Dist. LEXIS 7048 (S.D.N.Y. Jan. 25, 2011) .................................................*passim*

*LeBlanc-Sternberg v. Fletcher,*
    143 F.3d 748 (2d Cir. 1998) ..............................................................................................10

*Lin v. Hayashi Ya II, Inc.,* 08 Civ. 6071 (SAS) (AJP),
    2009 U.S. Dist. LEXIS 12963 (S.D.N.Y. Jan. 30, 2009) ........................................................9

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,*
    450 F.3d 91 (2d Cir. 2006) .................................................................................................9

*Mendez v. Nooch, Inc.,* 07 Civ. 11174 (LLS),
    2009 U.S. Dist. LEXIS 25114 (S.D.N.Y. Mar. 5, 2009).........................................................3

*Morales v. Cancun Charlie's Restaurant,* 3:07-cv-1836 (CFD),
    2010 U.S. Dist. LEXIS 125516 (D. Conn. Nov. 23, 2010) .....................................................6

*Pereira v. J. Sisters Hair Care Products,* 08 Civ. 4537 (GBD) (RLE),
    2010 U.S. Dist. LEXIS 53137 (S.D.N.Y. Apr. 5, 2010) ..........................................................3

*Reed v. A.W. Lawrence & Company,*
    95 F.3d 1170 (2d Cir. 1996) ................................................................................9

*Reich v. Southern New England Telecommunications Corporation,*
    121 F.3d 58 (2d Cir. 1997) ................................................................................5

*Reilly v. Natwest Markets Group,*
    181 F.3d 253 (2d Cir. 1999) ..............................................................................5

*Reiter v. MTA N.Y. City Transit Authority,*
    457 F.3d 224 (2d Cir. 2006) ..............................................................................8

*Shrader v. CSX Transportation,*
    70 F.3d 255 (2d Cir. 1995) ................................................................................2

*Small v. City of New York,* 09 Civ. 1912 (DAB) (RLE),
    2011 U.S. Dist. LEXIS 2230 (S.D.N.Y. Jan. 10, 2011) .....................................2

*Virgin Atlantic Airways, Ltd. v. National Mediation Board,*
    956 F.2d 1245, 1255 (2d Cir. 1992) ...................................................................2

*Wong v. Hunda Glass Corporation,* 09 Civ. 4402 (RLE),
    2010 U.S. Dist. LEXIS 90736 (S.D.N.Y. Sept. 1, 2010)..............................8, 9

*Zhao v. East Harlem Laundromat, Inc.,* 07 Civ. 0201 (RJS)(HBP),
    2010 U.S. Dist. LEXIS 90736 121335 (S.D.N.Y. Oct. 8, 2010)........................3


STATUTES:

29 U.S.C. § 206 ..............................................................................................................4

29 U.S.C. § 216 ..........................................................................................................1, 7

29 U.S.C. § 218 ..............................................................................................................3

N.Y. Labor Law § 198 ................................................................................................1, 7

N.Y. Labor Law § 652 ....................................................................................................4

RULES:

Fed. R. Civ. P. 59(e) .......................................................................................................1

Local Civil Rule 6.3.........................................................................................................1

REGULATIONS:

29 C.F.R. § 778.5..........................................................................................................................................3

Plaintiff Carmela Lanzetta ("Plaintiff") respectfully submits this memorandum in support of her motion for reconsideration of the Court's opinion, entered January 25, 2011, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, and in support of an application for attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and New York Labor Law ("NYLL") § 198.[1]

## Preliminary Statement

On January 25, 2011, this Court issued an opinion, finding for Plaintiff on all six counts of her complaint against all three defendants -- Florio's Enterprises, Inc., d/b/a Florio's Restaurant, Ralph Amoruso, and Lawrence Amoruso (collectively, "Defendants") -- in the amount of $127,938.31. *See Lanzetta v. Florio's Enters.,* 08 Civ. 6181 (DC), 2011 U.S. Dist. LEXIS 7048 (S.D.N.Y. Jan. 25, 2011) (a copy of which is attached hereto).

Plaintiff now moves for this Court's reconsideration of the calculations set forth in its opinion based on her assertion that the Court overlooked pertinent legal authority and thus committed two errors in those damage calculations. Plaintiff also hereby applies for attorneys' fees and costs in accordance with the Court's instructions. *Lanzetta,* 2011 U.S. Dist. LEXIS 7048 at *31 ("Lanzetta shall submit a proposed judgment together with an application for attorneys' fees and costs by February 8, 2011.").

---

[1]    To assist the Court in its consideration of Plaintiff's motions, Plaintiff submits herewith the Affidavit of D. Maimon Kirschenbaum, dated February 8, 2011 ("Kirschenbaum Aff."), attaching as Exhibit A, a copy of the time records kept in connection with this matter, and attaching as Exhibit B, a copy of the expense report kept in connection with this matter.

**Legal Argument**

## I.   THE COURT ERRED IN ITS CALCULATIONS OF PLAINTIFF'S DAMAGES.

"The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court." *Copeland v. Fortis*, 08 Civ. 9060 (DC), 2010 U.S. Dist. LEXIS 51576, at *2 (S.D.N.Y. May 20, 2010).   A court may grant reconsideration to address any matters "that might reasonably be expected to alter [its] conclusion . . . ." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (affirming grant of motion for reconsideration); *Small v. City of New York*, 09 Civ. 1912 (DAB) (RLE), 2011 U.S. Dist. LEXIS 2230, at *2 (S.D.N.Y. Jan. 10, 2011) (granting motion for reconsideration).   Thus, for example, reconsideration is appropriate where a court has overlooked pertinent legal authority or facts or where there is the need to correct a clear error.   *See Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"); *Kobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618 (KMW)(HBP), 2009 U.S. Dist. LEXIS 106798, at *7 (S.D.N.Y. Nov. 16, 2009) (granting reconsideration).

Here, Plaintiff contends that the Court made two "clear errors" in calculating her damages, and thus, requests the Court's reconsideration of those calculations.

### A. The Applicable Minimum Wage.

While the Court applied the higher New York state minimum wage to Plaintiff's pre-July 8, 2005 claims (because those claims fell outside of the three-year FLSA limitations period), it applied the lower federal minimum wage to Plaintiffs' post-July 8, 2005 claims, even where the New York state minimum wage was higher. *Lanzetta,* 2011 U.S. Dist. LEXIS 7048 at *19-20.

2

The Court reasoned that although the state minimum wage was higher, it would apply the lower federal wage because the FLSA provides for a greater recovery (*i.e.*, 100% liquidated damages rather than the 25% allotted under the NYLL). *Id.* ("The minimum wage in New York equaled or exceeded the federal level at all relevant times, but because the FLSA accords liquidated damages equal to 100 percent the wages due, it provides the higher measure of damages overall.").

However, the majority of courts have found that if the state minimum wage is higher, than that is the rate that should be used for calculating damages -- even for the FLSA claims – because the federal minimum wage is intended to be a floor, not a ceiling. *Kopec v. GMG Constr.*, 09-CV-2187 (KAM) (ALC), 2010 U.S. Dist. LEXIS 104844, at *8 (Sept. 10, 2010) ("Because the New York minimum wage automatically replaces the federal minimum wage rate if it is greater than the federal minimum, I will use the NYS minimum wage rate in my calculations.") (internal citation omitted), *adopted by*, 2010 U.S. Dist. LEXIS 104842 (E.D.N.Y. Sept. 30, 2010).[2]

---

[2]    *See Zhao v. East Harlem Laundromat, Inc.*, 07 Civ. 0201 (RJS)(HBP), 2010 U.S. Dist. LEXIS 121335, at *10 (Oct. 8, 2010) ("[I]f the state minimum wage is higher than the federal minimum wage, the federal overtime rate is calculated as 1.5 times the state minimum wage.'") (citation omitted), *adopted by*, 2010 U.S. Dist. LEXIS 121328 (S.D.N.Y. Nov. 12, 2010); *Pereira v. J. Sisters Hair Care Prods.*, 08 Civ. 4537 (GBD) (RLE), 2010 U.S. Dist. LEXIS 53137, at *6 (Apr. 5, 2010) ("Because New York's minimum wage was $ 7.15 [and the federal minimum wage was $5.85], [plaintiffs'] FLSA damages should be calculated at rate of $ 7.15 per hour same . . . .") (internal citation omitted), *adopted by*, 2010 U.S. Dist. LEXIS 53249 (S.D.N.Y. June 1, 2010); *Dong v. CCW Fashion Inc.*, 06 Civ. 4973 (LAP)(DFE), 07 Civ. 9741 (LAP)(DFE), 2009 U.S. Dist. LEXIS 33194, at *9 (Feb. 19, 2009) (applying higher New York State minimum wage rate to FLSA claim), *adopted by*, 2009 U.S. Dist. LEXIS 27104 (S.D.N.Y. Apr. 1, 2009); *Mendez v. Nooch, Inc.*, 07 Civ. 11174 (LLS), 2009 U.S. Dist. LEXIS 25114, at *4 (S.D.N.Y. Mar. 5, 2009) (same); *Chan v. Sung Yue Tung Corp.*, 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, at *70 (S.D.N.Y. Feb. 1, 2007) (the FLSA wage incorporates "the applicable New York minimum wage for all hours after January 1, 2005, when New York's rate was increased above the federal minimum wage") (citing 29 U.S.C. § 218(a)). *See also* 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum . . . ."). *But see Alejo v. Darna Rest.*, No. 09 Civ. 5436 (CM) (AJP), 2010 U.S. Dist.

Thus, where, as here, New York's minimum wage levels exceeded the federal level, the higher state wage should have been applied in calculating damages. As this Court stated in *Cao v. Wu Liang Ye Lexington Restaurant,* "the higher of the FLSA or the Labor Law minimum wage level shall be used to calculate plaintiffs' damages for unpaid wages and overtime under the FLSA and the Labor Law. Obviously, plaintiffs are not entitled to recover twice for the same injury; they will, however, be able to take advantage of the higher measure of damages." 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, *7 n.2 (S.D.N.Y. Sept. 30, 2010).

Accordingly, Plaintiff asserts that the Court should have awarded her damages as set forth below:[3]

| Year | Wage Type | NY Min. Wage | Hours | Weeks | Amounts |
|------|-----------|--------------|-------|-------|---------|
| 2005 | Regular | $ 6.00 | 40 hours | 24 weeks | $ 5,760.00 |
|      | Overtime | $ 8.00 | 20 hours | 24 weeks | $ 3,840.00 |
| 2006 | Regular | $ 6.75 | 40 hours | 48 weeks | $12,960.00 |
|      | Overtime | $10.125 | 20 hours | 48 weeks | $ 9,720.00 |
| 2007 | Regular | $ 7.15 | 40 hours | 27 weeks | $ 7,722.00 |
|      | Overtime | $10.725 | 20 hours | 27 weeks | $ 5,791.50 |
|      | Regular | $ 7.15 | 40 hours | 11 weeks | $ 3,146.00 |
|      | Overtime | $10.725 | 20 hours | 11 weeks | $ 2,359.50 |
| 2008 | Regular | $ 7.15 | 40 hours | 20 weeks | $ 5,720.00 |
|      | Overtime | $10.725 | 20 hours | 20 weeks | $ 4,290.50 |
|      |  |  |  |  | **Total: $61,309.50** |

---

LEXIS 133613 *15 n.6 (S.D.N.Y. Dec. 17, 2010) (calculating damages using the federal minimum wage because plaintiffs were "entitled to greater statutory liquidated damages under the FLSA than under New York law").

[3] The chart is a copy of the one included in the Court's opinion, *Lanzetta,* 2011 U.S. Dist. LEXIS 7048 at *21, except that Plaintiff has substituted New York's minimum wage for the federal minimum used in the Court's chart. While the FLSA minimum wage was $5.15 per hour throughout Plaintiff's employment, 29 U.S.C. § 206, the state minimum wage was consistently higher. The New York State minimum wage was $ 6.00 on and after January 1, 2005; $6.75 on and after January 1, 2006; and $ 7.15 on January 1, 2007 and through the remainder of Plaintiff's employment. NYLL § 652(1).

4

## B. Liquidated Damages.

Plaintiff also respectfully contends that the Court erred in awarding her liquidated damages under the FLSA only and not under the NYLL for the FLSA period. *Lanzetta,* 2011 U.S. Dist. LEXIS 7048 at *24-25.

Courts have determined that plaintiffs may be awarded liquidated damages under both the FLSA and NYLL for the same time periods because these damages, though sharing the same name, serve fundamentally different purposes. "Because liquidated damages under the FLSA and the [NYLL] serve fundamentally different purposes, a plaintiff may recover liquidated damages under both the FLSA and the Labor Law." *Cao,* 2010 U.S. Dist. LEXIS 109373 at *16. Liquidated damages under the FLSA are the functional equivalent of prejudgment interest; they are "not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 142 (2d Cir. 1999). *See also Reich v. Southern New England Telecomms. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997) ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature."). The compensatory nature of FLSA liquidated damages is further underlined by the allocation of the burden of proof to the defendant, who must make an affirmative showing of good faith to avoid liability. *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2d Cir. 1987). By contrast, liquidated damages under the NYLL are punitive in nature; they "'constitute a penalty' to deter an employer's willful withholding of wages due." *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999) (quoting *Carter v. Frito-Lay, Inc.,* 425 N.Y.S.2d 115, 116, 74 A.D.2d 550, 551 (1st Dep't 1980)), *cert. denied,* 528 U.S. 1119 (2000).

"A prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both." *Ke v. Saigon Grill,* 595 F. Supp. 2d 240, 262

(S.D.N.Y. 2008) (citations and quotations omitted).[4]   Accordingly, this Court, in at least two

other cases, has awarded both FLSA and NYLL liquidated damages for the FLSA period.  *See*

*Cao,* 2010 U.S. Dist. LEXIS 109373 at *18; *Ayres v. 127 Rest. Corp.,* 12 F. Supp. 2d 305, 309

(S.D.N.Y. 1998).   Thus, Plaintiff asserts that the Court should have provided Plaintiff NYLL

liquidated damages for the period covered by the FLSA.

Altogether, Plaintiff seeks the following damages as a result of her motion for

reconsideration:

| Compensatory Damages for the period of time covered by the FLSA, using the NY Minimum Wage | Liquidated Damages pursuant to the FLSA | Compensatory Damages for the NYLL claims | Liquidated Damages pursuant to the NYLL, including for the FLSA Period[5] | Newly Calculated Total Damages |
|---|---|---|---|---|
| $61,309.50 | $61,309.50 | $24,944.25 | $ 21,563.43 | $169,126.68 |

---

[4]   *See, e.g., Da Silva v. Bennet St. Dev. Corp.,* CV 05-2989 (ARR)(MDG), 2010 U.S. Dist. LEXIS 112832, at *35-36 (E.D.N.Y. Sept. 24, 2010) (awarding NYLL damages for FLSA period); *Dong,* 2009 U.S. Dist. LEXIS 33194 (same).  *See also Morales v. Cancun Charlie's Rest.,* 3:07-cv-1836 (CFD), 2010 U.S. Dist. LEXIS 125516, at *26 (D. Conn. Nov. 23, 2010) (same).

[5]   The Court's opinion awarded Plaintiff liquidated damages pursuant to the NYLL in the amount of $6,236.06 (25% of her NYLL compensatory damages ($24,944.25 x .25 = $6,236.06)). *Lanzetta,* 2011 U.S. Dist. LEXIS 7048 at *25.  However, pursuant to precedent from this Court, Plaintiff should additionally receive NYLL liquidated damages for the FLSA period (25% of compensatory damages for failure to pay the minimum wage or time and a half for overtime during the FLSA period ($61,309.50 x .25 = $15,327.37)).  So total liquidated damages under the NYLL should be $21,563.43.

## II.   PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Fees and costs are also awardable under the NYLL with respect to the state law claims.  NYLL § 198.  *See also Cao,* 2010 U.S. Dist. LEXIS 109373 at *22-23.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008). Prior to *Arbor Hill,* this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id.* at 183; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *22.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'" *Cesario v. BNI Constr.,* No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155, at *20 (Dec. 15, 2008) (quoting *Grant,* 973 F.2d at 99), *adopted by,* 2009 U.S. Dist. LEXIS 12888 (S.D.N.Y. Feb. 19, 2009).

Here, Plaintiff was successful on all the claims brought in her Complaint.  The Complaint alleged six causes of action against the restaurant and the two individual defendants:  1) failure to pay the minimum wage in violation of the FLSA; 2) failure to pay overtime pay for hours worked in excess of forty hours per week in violation of the FLSA; 3) failure to pay the

7

minimum wage in violation of state law; 4) failure to pay overtime pay in violation of state law; 5) unlawful tip retention in violation of state law; and 6) failure to pay spread of hours pay in violation of state law.  After a two-day bench trial, the Court found in favor of the Plaintiff on each of her claims and found all three Defendants jointly and severally liable. *Lanzetta*, 2011 U.S. Dist. LEXIS 7048 at *31.  Thus, she has fully satisfied the "most important factor" for determining a reasonable fee – "the degree of success obtained by plaintiff." *Konits v. Valley Stream Cent. High Sch. Dist.*, No. 08-4351-cv, 2009 U.S. App. LEXIS 23486, at *2 (2d Cir. Oct. 26, 2009) ("'[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff.'") (citation omitted); *Wong v. Hunda Glass Corp.*, 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, at *3 (S.D.N.Y. Sept. 1, 2010) ("The 'most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff.'") (citation omitted).

Plaintiff's attorneys have submitted a compilation of their time records for the Court's consideration and have included a chart breaking down the hours and requested rates for each person at the firm who worked on this matter. (Kirschenbaum Aff. ¶ 23 & Ex. A)  The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.  Especially since a good portion of those hours were engendered by Defendants' dilatory tactics during discovery and their unsuccessful summary judgment motion.  Moreover, those records have been edited so as to remove any duplicative or purely administrative items.[6] (Kirschenbaum Aff. ¶¶ 7-8, 11)

---

[6]   The time requested includes the hours spent on this fee application. *See J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 03 Civ. 1548 (GBD) (AJP), 2008 U.S. Dist. LEXIS 82085, at *51 (S.D.N.Y. Oct.

With respect to figuring a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184; *Cao*, 2010 U.S. Dist. LEXIS 109373 at *23-24. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted). In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiff's counsel are attorneys with considerable experience in these type of cases from a firm that specializes in wage and hour cases. (Kirschenbaum Aff. ¶¶ 12-19) The two partners seek a rate of $350 per hour. Courts frequently have approved this rate for attorneys with similar experience. *See, e.g., Wong*, 2010 U.S. Dist. LEXIS 90736 at *8-9 ("[T]he range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour. Based on the skill displayed by Counsel, and the number of years experience, the Court finds that a rate of $350 per hour is a reasonable rate for the work performed in this rather straightforward FLSA case.") (internal citations omitted) (citing cases); *De Los Santos v. Just Wood Furniture, Inc.*, 7:05-cv-9369 (WWE), 7:06-cv-5749 (WWE), 2010 U.S. Dist. LEXIS 15463, at *7 (S.D.N.Y. Feb. 2, 2010) (approving rate of $350 per hour based on counsel's "substantial experience in litigating employment cases and FLSA cases in particular").[7] Plaintiff is seeking a rate of $300 per hour

---

17, 2008) (finding plaintiff was "entitled to legal fees for the preparation of its fee application") (citing *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996)).

[7] In fact, some courts have approved even higher fees. *See, e.g., Cao*, 2010 U.S. Dist. LEXIS 109373 at *24 (finding $400 hourly rate reasonable); *Dong*, 2009 U.S. Dist. LEXIS 33194 at *17 (same). *See also Rios*, 2009 U.S. Dist. LEXIS 95629 at *7 (approving rate of $400); *Lin v. Hayashi Ya II*,

for the senior trial attorney in this. *See Gutman v. Klein*, 03 Civ. 1570 (BMC), 2009 U.S. Dist. LEXIS 123057 (E.D.N.Y. Oct. 9, 2009) (awarding between $200 and $300 for senior associates, and between $100 and $200 for junior associates). Plaintiff is seeking a rate of $200 per hour for the junior associate who worked on the case. *See id.*; *Chan*, 2007 U.S. Dist LEXIS 33883 at *12 (approving $200 per hour for second year associate). Similarly, a rate of $100 per hour for paralegal time also has been found reasonable. *See, e.g., D.H. Blair & Co. v. Gottdiener*, 03 Civ. 2908 (RO), 2010 U.S. Dist. LEXIS 114257, at *22 (S.D.N.Y. Oct. 26, 2010).

She also seeks costs in the amount of $1,352.70, which includes the fees for filing and serving the complaint and the costs of the depositions, including the cancellation fee incurred because Mr. Amoruso failed to show up for his first scheduled deposition. (Kirschenbaum Aff. ¶ 24) Plaintiff is entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

Plaintiff requests $68,745.00 in attorneys' fees and $1,352.70 in costs for a total of $70,097.70.

---

*Inc.*, 08 Civ. 6071 (SAS) (AJP), 2009 U.S. Dist. LEXIS 12963, at *34 (Jan. 30, 2009) (same), *adopted by*, 2009 U.S. Dist. LEXIS 15513 (S.D.N.Y. Feb. 26, 2009); *GMG Transwest Corp. v. PDK Labs, Inc.*, CV 07-2548 (ADS)(ARL), 2010 U.S. Dist. LEXIS 108581, at *3 (E.D.N.Y. Oct. 12, 2010) (awarding $450 and $400 per hour).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion

for reconsideration and her application for attorney's fees and costs.

Dated: New York, New York
      February 8, 2011

                    Respectfully submitted,
                    JOSEPH, HERZFELD HESTER &
                    KIRSCHENBAUM LLP

                    By: _____/s/_____
                    Maimon Kirschenbaum
                    233 Broadway
                    5th Floor
                    New York, NY 10279
                    Tel: (212) 688-5640
                    Fax: (212) 688-2548

                    *Attorneys for Plaintiff*